UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HEINRICH RICHARD ERB** | ) | **CASE NO. 08 CV 1305** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JULIE MEYERS,** | ) | **Memorandum of Opinion and Order** |
| **Assistant Secretary for Homeland** | ) | |
| **Security and Immigration and** | ) | |
| **Customs Enforcement,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon respondents' Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 17). This is a habeas corpus proceeding. For the reasons that follow, respondents' Motion to Dismiss is GRANTED.

## FACTS

Petitioner Heinrich Richard Erb initiated this action with a petition for a writ of habeas corpus. Respondents are Julie Meyers, Assistant Secretary for Homeland Security for

Immigration and Customs Enforcement, Thomas Hussey, Director, Office of Immigration Litigation, U.S. Department of Justice/Civil Division, Corey Price, Assistant Field Director, ICE, Michael O'Leary, Acting Supervisor, USICE Detention and Removal Office, and U.S. Immigration and Customs Enforcement.[1]

Petitioner is a native and citizen of Germany. He immigrated as a child to the United States on or about January 22, 1957. In 1993, petitioner pled guilty to three counts of gross sexual imposition of a minor under age 13 involving conduct that occurred from January 1982 to June 1983. He served approximately four years in jail pursuant to the plea. Petitioner is classified as a sexually oriented offender requiring periodic registration pursuant to Ohio Rev. Code § 2950.

As a result of this conviction, on September 7, 2004, Immigration and Customs Enforcement ("ICE") officials initiated proceedings to remove petitioner from the United States. Petitioner was not taken into custody at that time. On November 9, 2006, an immigration judge ordered that petitioner be removed because he was not eligible for a waiver. On December 11, 2007, the Board of Immigration Appeals (the "Board") affirmed.

Given the final administrative decision in favor of removal, on January 4, 2008, petitioner was taken into custody in preparation for removal. On or around that same date, petitioner filed a Petition for Review of the Board's decision with the United States Court of Appeals for the Sixth Circuit. Petitioner also filed a Motion for Stay of Removal and an

---

[1] Respondent Randall Wellington, Sheriff, Mahoning County, has been voluntarily dismissed from the case pursuant to Federal Rule of Civil Procedure 41(a)(1) (A)(ii). (Doc. 28) Petitioner has also stated that he "does not object to the dismissal of Respondent Thomas Hussey." (Doc. 19 at 2)

Emergency Motion for Release.  On March 12, 2008, the Sixth Circuit granted the Motion to Stay and referred the Motion for Release to the hearing panel to hear the motion on its merits.  On two occasions, petitioner also sought release from custody directly through ICE.  His requests to ICE were denied.  The instant habeas petition followed.  Petitioner charges that he is being held in violation of his right to due process.

Respondents now move to dismiss or, in the alternative, for summary judgment.  The motion is opposed.

### **STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6), the district court must accept all of the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997).  However, the complaint must contain "more than the bare assertion of legal conclusions."  *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) (emphasis in original).

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence

of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). A fact is material only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255); *see also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). When the non-moving party bears the burden of proof, "the burden on the moving party may

be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252). Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

### **DISCUSSION**

The Court has jurisdiction over this habeas proceeding pursuant to 28 U.S.C. § 2241. The Immigration Act requires the government to deport any alien who has been convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii) (criminal alien shall, on the order of the Attorney General, be removed). The term "aggravated felony" includes the sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A). When removal proceedings are initiated against an alien who has been convicted of an aggravated felony, the Attorney General *must* detain that alien pending resolution of the removal proceedings. 8 U.S.C. § 1226(c)(1)(B).

Once an order of removal is issued by the Board of Immigration Appeals, the order is considered final and the Attorney General *must* detain the alien and remove him from the United States within 90 days. 8 U.S.C. § 1231(a)(1)(A). An appeal to the courts suspends this 90-day "removal period." *Id.* at § 1231(a)(1)(B)(ii). The statute sets forth the procedures for judicial review at 8 U.S.C. § 1252. Section 1252 explicitly states that "this subsection does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231 (a) of this title." 8 U.S.C. § 1252(b)(8)(A).

By providing that the Attorney General may continue to detain an alien under Section 1231(a) of the Act, Section 1252 introduces some ambiguity into the law. When administrative removal proceedings are underway, the power to detain arises out of Section 1226. Once an order of removal becomes final, the authority to detain finds its source in Section 1231. The time during which an appeal is being prosecuted in the courts appears to fall into neither category. On the one hand, it seems that detention during this time would be based upon Section 1226 in that detention pending appeal could be considered detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226. However, Section 1252 seems to indicate that the authority to detain pending appeal in the courts arises out of Section 1231 even though Section 1231 relates to detention during the "removal period" (the period beginning after a "court's final order"). As a result, it is not clear if case law interpreting detention "during removal proceedings" and thus under Section 1226 is applicable or whether cases dealing with detention after the 90-day removal period are more applicable.

Ongoing detention under Section 1226 has been upheld as a valid and constitutional exercise of the Attorney General's authority pending administrative removal proceedings, including an administrative appeal to the Board of Immigration Appeals. *Demore v. Hyung Joon Kim*, 538 U.S. 510, 513 (2003). Such detention is for a "brief period" only and has a definite end point (a final decision on removal). *Demore*, 538 U.S. at 513 (noting that petitioner had only been held for six months). During this time, the government need not conduct an individualized hearing to determine whether or not the alien is a flight risk or a danger to the community. *Id.*

6

However, detention under Section 1231 is subject to certain constitutional limitations. *Zadvydas v. Davis*, 533 U.S. 678 (2001). As explained above, if a final order has been issued from a court or otherwise, the government may detain an alien for 90 days while it attempts to remove him from the United States. In the case of criminal aliens, the government may detain such aliens beyond the 90-day removal period if it is unable to deport them during the prescribed time frame. 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the court considered whether the government may *indefinitely* detain a criminal alien beyond the 90-day removal period under the authority of 8 U.S.C. § 1231(a)(6), which states that such aliens "may" be detained after 90 days have passed after a final order of removal is entered. Related regulations call for periodic reviews of an alien's detention in such situations. The government had extended the detention of certain criminal aliens because it could find no country that would take them. The court held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The court further stated that a detention of less than six months following issuance of a final order is presumptively reasonable and a longer detention is presumptively unreasonable. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Petitioner of course argues that *Zadvydas* should be applied to the facts here. Respondents argue that *Zadvydas* is distinguishable in that it involved an indefinite detention

7

where removal was not reasonably foreseeable.  The Court finds respondents' position more persuasive.  While the *Demore* court was tasked with reviewing a detention under Section 1226, the Court finds the rationale of *Demore* more applicable to the facts here.  If petitioner Erb prevails on his appeal, he will be released.  If he does not prevail, he will be deported to Germany.  Petitioner has fully cooperated in obtaining travel documents to Germany and that country has already stated that it will issue petitioner the documents if and when a final order of removal is issued.  Thus, there is no risk that petitioner will be detained indefinitely.[2]  The Court also notes that detention of criminal aliens pending the conclusion of removal proceedings is mandatory, not discretionary.  8 U.S.C. § 1226(c)(1) ("The Attorney General *shall* take into custody any alien who...is deportable by reason of having committed any offense covered in section 1227 (a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."); *see also Ly*, 351 F.3d at 266 ("Section 236 of IIRIRA *requires* the attorney general to detain, among others, aliens convicted of either an aggravated felony or two crimes involving moral turpitude (such as fraud), pending removal proceedings."); 8 U.S.C. § 1231 ("During the removal period, the Attorney General *shall* detain the alien.  *Under no circumstance* during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.").  For these reasons, the Court concludes that respondents' motion to dismiss should be granted.

---

[2]

> For this reason, *Hoang Minh Ly v. Hansen*, 351 F.3d 263, 267 (6th Cir. 2003), is also distinguishable (extending reasonable time limit rule of *Zadvydas* to detention pending removal proceedings under Section 1226 where alien could not be deported to home country because there was no expatriation treaty and the home country did not accept deportees).

8

In the alternative, respondents argue that they have conducted an "individualized custody review" and determined that petitioner "should remain detained because he is considered a danger to the community." Having determined that *Demore* provides the Attorney General with the authority to detain petitioner pending his appeal, the Court declines to address this argument.[3]

### **CONCLUSION**

For the foregoing reasons, respondents' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge

Dated: 9/25/08

---

[3] Respondents also argue that they may detain petitioner for greater than 90 days because he has "acted to prevent [his] removal subject to an order of removal" by requesting a stay of removal pending appeal. 8 U.S.C. § 1231(a)(C). However, by respondents' own admission, this rule applies only after the removal period has run. Here, petitioner's removal period has not yet begun. Moreover, the cases relied upon are distinguishable. *Pelich v. INS*, 329 F.3d 1057 (9th Cir. 2003) (appeals were exhausted; alien refused to fill out paperwork for Polish passport; he was thus the "cause of his own detention"); *Lema v. INS*, 341 F.3d 853 (9th cir. 2003) (alien "failed to cooperate fully an honestly with officials to obtain travel documents").